IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN GILES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-138-WHA-GMB |
| | ) | [WO] |
| ANGIE McCLELLAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 28, 2018, Joe Nathan Giles, Jr., proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis*. Docs. 1 & 2.  Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. After a careful review of the amended complaint and the relevant law, and giving due consideration to Giles' *pro se* status, the undersigned recommends that Giles' amended complaint be DISMISSED without prejudice for lack of subject matter jurisdiction.

## I.  BACKGROUND

Giles' original complaint is a form complaint designed for *pro se* prisoners, but it arises out of an inheritance dispute and names as defendants two individuals and two unnamed insurance companies.  Giles alleges that he expected an inheritance from his late mother that he has not received because of the actions of his sister, Deborah Giles, and a bank manager named Angie McClellan.  He believes that his sister failed to inform him

that his mother possessed a life insurance policy and has withheld information regarding the policy and its proceeds.

On April 16, 2018, the court directed Giles to amend his complaint due to its pleading deficiencies and the fact that it failed to state a basis for this court's subject-matter jurisdiction over his claims. Doc. 4.  The court specifically warned Giles that his failure to submit an amended complaint in compliance with its directives could result in a recommendation that his case be dismissed. Doc. 4 at 5.  On April 30, Giles timely filed his amended complaint. Doc. 5.  However, the amended complaint commits the very same pleading deficiencies and, again, fails to state an adequate basis for subject-matter jurisdiction.[1]

## II.  DISCUSSION

Because Giles has no claims arising under federal law, his only path to federal court is diversity jurisdiction under 28 U.S.C. § 1332, which requires the amount in controversy to exceed $75,000 and for the case to be between citizens of different states.  Based on the original complaint, both Giles and the individual defendants appear to be residents of Alabama, suggesting that diversity of citizenship is not present. *See, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("The current general diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.") (citation omitted).  However, "[r]esidence alone is not enough" to establish citizenship for the purpose of diversity jurisdiction. *Travaglio v. Am. Exp. Co.*, 735 F.3d

---

[1] The court will not analyze the substance of Giles' claims because it lacks subject-matter jurisdiction.

1266, 1269 (11th Cir. 2013). Rather, an individual's citizenship is determined by his or her domicile, and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (internal quotation marks omitted). The court therefore directed Giles to allege his own citizenship and the citizenship of each defendant. Doc. 4 at 2. The court also noted that Giles' complaint demanded $40,000 in total, so the amount-in-controversy requirement would not be satisfied even if complete diversity of citizenship existed. Doc. 4 at 2.

Giles' amended complaint fails to resolve the court's doubts with regard to subject-matter jurisdiction. First and foremost, he once again demanded $40,000 in total. *See* Doc. 5 at 1 ("I ask this court to forward this complaint an[d] other paper work [sic] to the probate state court for view seek [sic] $20,000 from each defendant."). Second, even if he had asked for an amount greater than $75,000, Giles' amended complaint fails to establish the citizenship of any of the parties. Accordingly, this court lacks subject-matter jurisdiction over Giles' claims.

Moreover, Giles' claims likely implicate the probate exception to federal jurisdiction, which prevents federal courts from hearing cases involving "the probate or annulment of a will and the administration of a decedent's estate," and "also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). Thus, the court previously directed Giles to "plead facts in the amended complaint that preclude the application of the probate exception to federal jurisdiction." Doc. 4 at 3. He failed to do so, and instead continued to allege that he was wrongfully excluded from an inheritance

and the proceeds of a life insurance policy after the death of his mother.[2]  Thus, the probate exception would more than likely act as a jurisdictional bar to Giles' claims even if he had established the prerequisites of diversity jurisdiction.

"In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017).  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue . . . and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation and internal quotation marks omitted). Accordingly, the court must recommend that Giles' amended complaint be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice for lack of subject-matter jurisdiction.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than September 13, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and

---

[2] Giles' amended complaint also fails to comply with the court's directions to cure the various pleading deficiencies present in his original complaint.  Thus, Giles' noncompliance with the court's order by submitting another shotgun complaint in violation of the Federal Rules of Civil Procedure provides an additional basis for recommending dismissal. *See, e.g.*, *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (affirming dismissal where the plaintiff "did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10" after "guidance . . . on how to cure the deficiencies in [the plaintiff's] complaint and a clear warning that noncompliance would be cause for dismissal").

recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 30th day of August, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE